**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

TERENCE T. CARTHREN                      CIVIL ACTION NO. 07-2043

VERSUS                                           JUDGE S. MAURICE HICKS, JR.

RT BOSSIER HOTEL PARTNERS          MAGISTRATE JUDGE HORNSBY
D/B/A HOLIDAY INN

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 16) filed by the defendant, RT Bossier Hotel Partners d/b/a Holiday Inn ("Holiday Inn"). Holiday Inn moves for summary judgment on multiple grounds: (1) the plaintiff, Terence T. Carthren ("Carthren"), was not subjected to an adverse employment action; (2) Carthren failed to engage in any meaningful dialogue regarding the accommodation of his disability; and (3) Carthren failed to provide his employer with written notice of the alleged discrimination as required by Louisiana law. Carthren opposes the Motion for Summary Judgment, arguing that he was subjected to an adverse employment action; he requested an accommodation; and that he satisfied the notice provisions required by the Louisiana employment discrimination statutes. For the reasons which follow, the Court finds that there are genuine issues of material fact and the Motion for Summary Judgment must be **DENIED**.

**I.    BACKGROUND.**[1]

Cathren suffers from kidney failure and hypertension. See Record Document 1, ¶ 5. He has been on dialysis treatment since 1991. See id. Without dialysis, Carthren's

---

[1]The facts of this case are disputed; nonetheless, Holiday Inn "contend[s] that they are entitled to summary judgment as no reasonable juror could find in favor of the plaintiff on the issue of whether he can establish that he was subject to adverse employment action and also because plaintiff admits that he did not engage in any meaningful dialogue in an effort to accommodate his disability." Record Document 16-2 at 1.

condition would be life threatening.  See id.

Sometime prior to September 5, 2006, Holiday Inn ran an advertisement in the newspaper seeking a dishwasher to work the 7:00 a.m. to 2:30 p.m. weekday shift at the Holiday Inn restaurant in Bossier City, Louisiana.  See Record Document 16-2 at 2; Record Document 23-2 (E. J. Boswell Deposition) at 34.[2]  Carthren responded to the ad and completed an application on September 5, 2006.  See Record Document 16, Exhibit A-1. The application indicated that Carthren desired full time employment; selected "day, swing, night, all" as his shift preferences; was willing to work overtime whenever needed; and was available to begin work "ASAP."  Id.  During his deposition, Carthren denied making the check marks indicating that he was available to work any shift.  See Record Document 16, Exhibit A at 41-42.  The application further provided a section for applicants to describe any other information pertinent to employment.  See Record Document 16, Exhibit A-1. Carthren left this section of the application blank.  See id.

E.J. Boswell ("Boswell"), Holiday Inn's Food and Beverage Director, received Carthren's application and called him to set up an interview.  Record Document 16-2 at 3. Boswell stated that he informed Carthren during the interview that he would be working Monday through Friday from 6:00 a.m. to 2:00 p.m.  See Record Document 23-2 at 34. Boswell also stated that he told Carthren of the possibility of weekend work.  See id. at 35. According to Boswell, Carthren made no mention during the interview of any health problems, his need for dialysis, and/or the need for an accommodation for his medical

---

[2]There is some dispute as to the exact time of the shift, as Holiday Inn indicated in its briefing that the shift was from 7:00 a.m. to 2:30 p.m. and E. J. Boswell, Holiday Inn's Food and Beverage Director, indicated in his deposition that the shift was from 6:00 a.m. to 2:00 p.m.  Nonetheless, it is clear from the summary judgment record that the shift covered both the breakfast and lunch hours.

treatment.  See id. at 35-36.  Conversely, Carthren contends that he explained to Boswell at the time of his interview that he was on dialysis and that he would need to change his dialysis schedule so that he could get to work by 7:00 a.m.  See Record Document 1, ¶ 9; Record Document 16, Exhibit A at 42, 48-49, 52-54; Record Document 22 at 4.  Carthren also recalled advising Boswell that he would need to be off work by 11:30 on Monday, Wednesday, and Friday to accommodate his need for dialysis.  See id.  According to Carthren, Boswell agreed to this schedule.  See id.

Carthren was hired by Holiday Inn as a dishwasher, earning approximately $6.00 per hour, and began work on Thursday, September 14, 2006.  See Record Document 16, Exhibit A-2.  Carthren worked until after 2:00 p.m. on the weekdays of September 14, September 15, September 18, and September 19.  See id.  Then, according to Boswell, sometime during the week of September 18, 2006, Carthren advised him for the first time that he needed to leave work at approximately 11:00-11:30 a.m. every Monday, Wednesday, and Friday for his dialysis treatment.  See Record Document 23-2 at 36-37. Boswell agreed to the schedule and advised Martha McConnell ("McConnell"), the employee responsible for completing the written work schedules, of this change in Carthren's work schedule.  See id. at 43; Record Document 23-2 (McConnell Deposition) at 20-21.  During his deposition, Boswell stated that he explained to Carthren that a new employee would have to be hired to fill in the schedule and that Carthren could work on the weekends to make up the hours.  See Record Document 16 at 37-38.

Boswell contends that Carthren began this modified work schedule on Wednesday, September 20, 2006 and continued the schedule until October 9, 2006.  See Record Document 16-4, Exhibit A-2 (Holiday Inn (Bossier City, LA) Accumulated Time Detail by

Employee Number or Accumulated Semi-Monthly Detail Time by Department) at Pages 77, 78, 80. Then, according to Boswell, Carthren began to no-show for work on October 10, 2006, despite the fact that he was still appearing on the work schedule. See id. at Page 78. Carthren worked several weekends up until November 11, 2006. See id. at Pages 36, 37, 78. After that date, Boswell stated that Carthren remained on the schedule for both weekdays and weekends, but simply stopped showing up for work. See id. at Page 37; Record Document 23-2 (Boswell Deposition) at 52. McConnell also recalled that Carthren was a no show for work on more than one occasion. See Record Document 23-2 (McConnell Deposition) at 26-28.

Conversely, Carthren contends that Boswell told him on Monday, October 9, 2006 "not to return [to work] until Saturday" and that the change in schedule was because of his dialysis treatment. See Record Document 1-2; Record Document 22-3, ¶ IV. According to Carthren, from that point forward, he was scheduled to work only Saturdays and Sundays, resulting in a drastic reduction in his hours. See Record Document 22-3, ¶ IV. Carthren stated in his affidavit that after being scheduled for weekends only, he asked Boswell for more hours each week. See id., ¶¶ IV-V. He also maintains that he did not fail to show up for work, but rather was not scheduled for any more hours. See id., ¶ IV. According to Carthren, the posted schedule showed him only working weekends. See id. Carthren maintains that he resigned on or about November 15, 2006 due to this drastic reduction in his hours. See Record Document 1-2.

The summary judgment record contains time records entitled "Accumulated Time Detail by Employee Number" and "Accumulated Semi-Monthly Detail Time by Department." See Record Document 16-4, Exhibit A-2. These records detail the actual hours worked by

an employee on any given day. For example, the Accumulated Time Detail by Employee Number record shows that employee number 0000006783, Terence Carthren, clocked in at 7:52 a.m. and clocked out at 3:25 p.m. on Thursday, September 14, 2006. See id. While the time records show days on which an employee was "absent," there is no indication as to whether the absence was due to the employee's failure to report to work, i.e., a no show, or to the fact that the employee was simply not scheduled to work on that date. The actual work schedules, which were prepared and posted by McConnell, for the time periods relevant to the instant action are no longer in existence. See Record Document 22, Exhibit E (Boswell Deposition) at 56. According to McConnell, once she completed the weekly work schedule, she would hang it on the bulletin board in the kitchen. See id., Exhibit D (McConnell Deposition) at 16-17. The old work schedules would remain on the bulletin board until they could no longer be "clipped" together and then they would be thrown away. See id. at 17. Boswell maintains that the work schedules were kept for six months. See id., Exhibit E at 56.

On or about February 2, 2007, Carthren initially notified the Equal Employment Opportunity Commission ("EEOC") of his complaint of disability discrimination. See Record Document 1, ¶ 2A; Record Document 1-2 at 3 (Charge of Discrimination). In the Charge of Discrimination, which was received by the EEOC on February 5, 2007, Carthren alleged:

I. During the period from about October 15, 2006 to about November 15, 2006 my work schedule was suddenly changed and my work hours were drastically reduced (from about 71 hours weekly to only about 13 hours). As a result, on about November 15, 2006, I was forced to resign my position as a Dishwasher. At the time I had been employed by the Respondent for about two months.

II. I was informed by E.J. Boswell, Kitchen Manager, that he was changing my schedule because of my dialysis treatment. He gave no explanation for the reduction in my hours. I later asked him for more

> hours but he never responded. I was then forced to quit because I could not early a living wage with so few hours of work.
>
> III. I believe that I have been discriminated against because of my disability in violation of the ADA (The Americans with Disabilities Act).

Record Document 1-2 at 3. The EEOC issued a Notice of Right to Sue on October 30, 2007, noting that more than 180 days had passed since the filing of the charge and that it was terminating its processing of the charge. See id. (Notice of Right to Sue) at 2.

Carthren filed his complaint on November 27, 2007, alleging that Holiday Inn engaged "in a course of conduct which included wrongfully reducing [his] hours and creating an intolerable working environment causing him to resign because of his medical condition and disability." Record Document 1, ¶ 18. He asserts his claims under the ADA and Louisiana state law provisions which prohibit discrimination based upon disability. See id., ¶¶ 16-18, 23. He seeks compensatory damages, punitive damages, and injunctive relief. See id., ¶¶ 26, 28-29. After answering the complaint on February 1, 2008, Holiday Inn now moves for summary judgment and dismissal of all of Carthren's claims. See Record Documents 6 & 16.

## II. LAW AND ANALYSIS.

### A. Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against

a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

**B.     ADA Claims.**

In his complaint, Carthren alleges that Holiday Inn engaged in a course of conduct which included wrongfully reducing his hours and creating an intolerable working environment causing him to resign because of his medical condition and disability, all in violation of the ADA. Record Document 1, ¶ 18.[3] Holiday Inn argues that summary judgment is appropriate as to Carthren's ADA claims, as it took no adverse employment action and Carthren failed to engage in any meaningful dialogue regarding accommodation of his limitations within the contemplation of the ADA.

Carthren relies on circumstantial evidence in his ADA case, resulting in the application of the McDonnell Douglas, Title VII burden-shifting analysis. See Gowesky v. Singing River Hosp. Systems, 321 F.3d 503, 511 (5th Cir. 2003). Under this approach, Carthren must first make a *prima facie* showing of discrimination by establishing that (1)

---

[3]While not labeled as such in his complaint, it appears that Carthren is essentially asserting a constructive discharge claim.

he is disabled or is regarded as disabled; (2) he is qualified for the job; (3) he was subjected to an adverse employment action on account of his disability; and (4) he was replaced by or treated less favorably than non-disabled employees. See id. Once Carthren makes his *prima facie* showing, the burden then shifts to Holiday Inn, the employer, to articulate a legitimate, non-discriminatory reason for the adverse employment action. See id. Once Holiday Inn articulates such a reason, the burden then shifts back upon Carthren to establish by a preponderance of the evidence that the articulated reason was merely a pretext for unlawful discrimination. See id.

### 1. Adverse Employment Action.

The Court will begin by analyzing Carthren's *prima facie* case, namely whether he was subjected to an adverse employment action on account of his disability.[4] In the context of discrimination claims under both Title VII and the ADA, the Fifth Circuit has limited adverse employment actions to acts which affect compensation, duties, and benefits. See McKay v. Johanns, No. 06-60994, 2008 WL 345510, **2 (5th Cir. Feb. 8, 2008), citing Pegram v. Honeywell, Inc., 361 F.3d 272, 282 (5th Cir.2004).[5] Thus, to establish a *prima facie* case of disability discrimination, Carthren must show that he was subject to an ultimate employment decision, such as hiring, granting leave, discharging,

---

[4] Holiday Inn has not moved for summary judgment on any other element of Carthren's *prima facie* case. Thus, for the limited purpose of the instant Memorandum Ruling, the Court will assume that Carthren is disabled; was qualified for the job; and was replaced by or treated less favorably than non-disabled employees.

[5] In Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53, 126 S.Ct. 2405 (2006), the Supreme Court abrogated the Fifth Circuit's adverse employment action standard in the *retaliation* context, redefining "an adverse employment action as any action that 'might well have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" McCoy v. City of Shreveport, 92 F.3d 551, 559 (5th Cir. 2007).

promoting, or compensating. See McCoy v. City of Shreveport, 92 F.3d 551, 559 (5th Cir. 2007); see also Pegram, 361 F.3d at 282.

Carthren does not identify Holiday Inn's initial agreement to accommodate his Monday, Wednesday, Friday dialysis treatment, which would necessarily result in a reduction in hours, as the challenged adverse employment action. Rather, he argues that his *complete removal* in early October 2006 from the weekday schedule due to his dialysis treatment, which allegedly resulted in a drastic reduction in hours, loss of hourly wages, and his ultimate decision to resign, constituted an adverse employment action that is cognizable under the ADA. Carthren argues that this drastic reduction in hours was an ultimate employment decision affecting his compensation, as "he could not maintain a decent standard of living" after the 80% reduction in hours and pay. See Record Document 22 at 13-14. The Fifth Circuit has reasoned that "constructive discharge occurs when the employer makes working conditions so intolerable that a reasonable employee would feel compelled to resign." McCoy, 492 F.3d at 557. A reduction in salary is one relevant factor to consider, but the inquiry is an objective, reasonable employee, test: would a reasonable person in the plaintiff's shoes would have felt compelled to resign? See id. Here, the Court finds that a jury is best suited to determine whether a reasonable person in Carthren's shoes would have felt compelled to resign by the alleged drastic reduction in hours and pay.

Additionally, the summary judgment record reveals genuine issues of material fact as to whether the drastic reduction in Carthren's hours and pay was a result of his complete removal from the weekday schedule due to his dialysis treatment, as alleged by Carthren, or was a result of Cathren's failure to show up for work, as alleged by Boswell

and McConnell. These causation questions turn on issues of credibility because the actual work schedules prepared by Boswell and McConnell are no longer in existence and the time records in existence do not document whether an employee's absence was due to scheduling or to his being a no show for work.

Based on the foregoing, the Court finds that there are genuine issues of material fact as to whether Carthren was subjected to an adverse employment action on account of his disability. Summary judgment must be denied.

### 2.     Reasonable Accommodation.

Pursuant to Section 12112(a) of the ADA, "no covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The term "discriminate" includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an . . . employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A).

Holiday Inn has moved for summary judgment on the ground that Carthren failed to engage in any meaningful dialogue regarding accommodation of his limitations within the contemplation of the ADA. Yet, in opposing the Motion for Summary Judgment, Carthren "contends that he did request an accommodation and that is the reason his hours were reduced in the first place." Record Document 22 at 1-2. In fact, the Court has reviewed the complaint itself and finds no indication that Carthren is attempting to proceed

under a "reasonable accommodation" theory of recovery. Instead, Carthren argues that Holiday Inn wrongfully reduced his hours to weekends only, thereby creating an intolerable working environment. Accordingly, summary judgment on the ground that Carthren failed to engage in any meaningful dialogue regarding accommodation of his limitations within the contemplation of the ADA is denied as moot.[6]

### C. Louisiana State Law Claims.

Holiday Inn moves for summary judgment on Carthren's Louisiana state law claims, arguing that he failed to provide Holiday Inn with written notice of the alleged discrimination at least 30 days prior to court action as required by Louisiana Revised Statute 46:2256(B). Title 46 addresses public welfare and assistance. Specifically, Section 2256 is found in Chapter 30, which addresses civil rights for handicapped persons. The purpose of Chapter 30 is to ensure "[t]he opportunity to obtain education, housing, and other real estate and full and equal utilization of public services and programs without discrimination on the basis of a handicap is a civil right." La. R.S. 46:2252(B).

Section 2256(B) is inapplicable to the instant case, as this matter does not involve education, housing, real estate, and/or public services or programs. Instead, this case falls within the scope of Louisiana Revised Statutes 23:322, *et seq.*, which addresses prohibited disability discrimination in employment. Accordingly, Holiday Inn's Motion for Summary Judgment on the ground that Carthren failed to comply with the notice requirements of

---

[6]If Carthren is alleging that Holiday Inn failed to provide him a reasonable accommodation in violation of Section 12112(b)(5)(A), then he should clarify this issue, and all theories of recovery that he is asserting, during the upcoming pretrial conference. Further, if necessary, the Court will revisit Holiday Inn's Motion for Summary Judgment asserting that Carthren failed to engage in any meaningful dialogue regarding accommodation of his limitations within the contemplation of the ADA at that time.

Section 2256(B) must be denied.[7]

### III. CONCLUSION.

Based on the foregoing, the Court finds that there are genuine issues of material fact as to whether Carthren was subjected to an adverse employment action on account of his disability; that Carthren is not proceeding under a "reasonable accommodation" theory of recovery; and that Louisiana Revised Statute 46:2256(B) is inapplicable to the instant case.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment (Record Document 16) filed by Holiday Inn be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 8th day of January, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[7] The notice provisions applicable to the instant matter are found in Louisiana Revised Statute 23:303. In his opposition brief, Carthren argues that he complied with such notice provisions by filing a Charge of Discrimination with the EEOC. See Simpson-Williams v. Andignac, 2004-1539 (La.App. 4 Cir. 4/20/05), 902 So.2d 385, 387-388 (citations omitted) ("Decisions by various federal district courts in Louisiana that have interpreted [Section 303] have consistently held that a claim under [the] statute must be dismissed if the plaintiff failed to comply with the notice provision, unless the plaintiff had filed a charge of discrimination with the EEOC within the appropriate time period, which effectively accomplished the same goals as the statutory notice under state law."). Holiday Inn does not dispute this issue in its reply brief. Therefore, the Court assumes that Holiday Inn no longer seeks summary judgment on Carthren's Louisiana state law claims on the ground that he failed to comply with the notice provisions set forth in applicable Louisiana statutes.